UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS EDWARD NEDROW, JR.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CASE NO. C16-5448BHS<br>       CR12-5137BHS<br><br>ORDER GRANTING PETITION, GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE EXCESS PAGES, AND DENYING DEFENDANT'S MOTION TO STAY |

This matter comes before the Court on Plaintiff Thomas Edward Nedrow, Jr.'s ("Nedrow") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. 1), Defendant United States of America's ("Government") motion for leave to file excess pages (Dkt. 5), and the Government's motion to stay (Dkt. 6). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby rules as follows:

## I. PROCEDURAL HISTORY

On March 27, 2012, Nedrow pled guilty to one count of possession of a stolen firearm in violation of 18 U.S.C. § 922(j). CR12-5137BHS, Dkt. 20. As part of the plea

ORDER - 1

agreement, Nedrow conceded that he had two prior felonies, which were second-degree assault and rioting while armed with a deadly weapon. *Id*. Nedrow's base offense level was 24 under the sentencing guidelines because he committed the offense subsequent to sustaining at least two felony crimes of violence. U.S.S.G. § 2K2.1(a)(2). The notes for this section of the guidelines provide that the phrase "crime of violence" has the meaning as set forth in U.S.S.G. § 4B1.2(a), which contains a residual clause. On July 23, 2012, the Court sentenced Nedrow to 92 months imprisonment. *Id*., Dkt. 30.

On June 7, 2016, Nedrow filed the instant motion seeking relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016). Dkt. 1. On September 16, 2016, the Government responded, Dkt. 4, and filed a motion for leave to file excess pages, Dkt. 5.[1] On October 19, 2016, Nedrow replied. Dkt. 8.

On September 22, 2016, the Government filed a motion to stay pending the Supreme Court's decision in *Beckles v. United States*, No. 15-8544. Dkt. 6. On September 26, 2016, Nedrow responded. Dkt. 7.

## II. DISCUSSION

As a threshold matter, the majority of the issues presented in this case have been addressed by courts in this district and across the nation. The Court declines to reinvent the wheel and, instead, will simply adopt opinions that it finds persuasive on the particular issue addressed.

---

[1] The Court grants the Government's motion for leave to file excess pages and will accept both parties' overlength briefs.

**A.    Motion to Stay**

The Government requests that the Court stay this matter pending the Supreme Court's expected decision in *Beckles*. Dkt. 6. The Court denies the Government's motion because "this [is] a habeas case challenging an unconstitutional confinement, [and] it is also unclear when or if the Supreme Court will decide *Beckles*." *Knox v. United States*, No. C16-5502BHS, 2016 WL 3906915, at *2 (W.D. Wash. July 19, 2016).

**B.    § 2255**

First, the Government argues that Nedrow waived any right to appeal his sentence. Dkt. 4 at 8–9. The Court disagrees because Nedrow's sentence violates the law. *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007); *Gilbert v. United States*, Case No. 15-cv-1855-JCC, 2016 WL 3443898, at *2 (W.D. Wash. June 23, 2016); *Dietrick v. United States*, No. C16-705 MJP, 2016 WL 4399589, at *2 (W.D. Wash. Aug. 18, 2016).

Second, the Government argues that Nedrow's petition is procedurally barred. Dkt. 4 at 9–14. The Court disagrees, adopts the reasoning of courts in this district, and finds that Nedrow's *Johnson* claim is not procedurally defaulted because he has demonstrated cause and prejudice. *See Gilbert*, 2016 WL 3443898, at *2–3 (finding the cause requirement satisfied in this context because *Johnson* explicitly overruled the holdings in *Sykes v. United States*, 564 U.S. 1 (2011), and *James v. United States*, 550 U.S. 192 (2007), that the ACCA residual clause was constitutional); *Dietrick*, 2016 WL 4399589, at *3 (same).

Third, the Government argues that *Johnson* does not apply to the sentencing guidelines. Dkt. 4 at 14–23. The Court disagrees, adopts the reasoning of courts in this

ORDER - 3

district, and concludes that *Johnson* is retroactively applicable in this context. *See Gilbert*, 2016 WL 3443898, at *3–6; *Dietrick*, 2016 WL 4399589 at *3 (same); *see also Welch*, 136 S. Ct. 1257; *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1189 (9th Cir. 2011).

Fourth, the Government argues that Nedrow bears the burden of showing that the Court necessarily relied upon the residual clause when it found that his prior offenses were predicate offenses. Dkt. 4 at 23–24. The Court disagrees, adopts the reasoning of courts in this district, and concludes that Nedrow may challenge whether either of the underlying predicate offenses qualified under the residual clause of the sentencing guidelines. *Dietrick*, 2016 WL 4399589 at *3; *Gibson v. United States*, No. C15-5737 BHS, 2016 WL 3349350, at *1 (W.D. Wash. June 15, 2016).

Finally, the Government argues that Nedrow's second-degree assault conviction is a crime of violence, but concedes that Nedrow's rioting conviction is no longer a predicate crime of violence. Dkt. 4 at 24–26. The Government's concession on the latter issue is sufficient cause to grant Nedrow's petition, and the Court will address the Government and Nedrow's arguments regarding the assault conviction at the resentencing hearing.

### III. ORDER

Therefore, it is hereby **ORDERED** that Nedrow's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. 1) is **GRANTED**, the Government's motion to stay (Dkt. 6) is **DENIED**, and the Government's motion for leave to file excess

1 | pages (Dkt. 5) is **GRANTED**.  The parties shall work with the Clerk to schedule an

2 | expeditious resentencing in the criminal case.  The Clerk shall close this case.

3 |       Dated this 26th day of October, 2016.

                                            *[signature]*

                                    BENJAMIN H. SETTLE
                                    United States District Judge